IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JOHN WARE,

    Plaintiff,

v.

                              Case No. CIV-22-737-PRW

MERCY HEALTH,

    Defendant.

# ORDER

Before the Court are Plaintiff's Motion to Compel Discovery (Dkt. 28) and Defendant's Response (Dkt. 33).

*Background*

Plaintiff brought this action in August 2022, raising several employment discrimination claims. In March 2023, the parties filed a Joint Status Report and Discovery Plan (Dkt. 22), and shortly thereafter the Court filed a Scheduling Order (Dkt. 23). In April and May 2023, Plaintiff submitted a written request for Electronically Stored Information ("ESI") as well as his first set of discovery requests. Plaintiff agreed to several extensions of Defendant's deadline to respond to these requests, before finally receiving Defendant's responses in late June 2023. Plaintiff noted several deficiencies in the responses and arranged a meet and confer with Defendant to resolve remaining discovery disputes. At the meeting the parties appear to have agreed on dispositions of the outstanding disputes,

1

which Plaintiff's counsel commemorated in an email.[1] Plaintiff represents that, despite this apparent agreement, Defendant has not provided complete responses, including requested documents and ESI.

Plaintiff filed the instant Motion (Dkt. 28), seeking an order from this Court to compel Defendant's participation in the discovery process. Defendant moved for, and the Court granted, an extension of time to file its Response (Dkt. 33). In its Response, Defendant states that responsive ESI were produced to Plaintiff on October 23, 2023, twenty days after the Motion to Compel was filed. Defendant also states that it provided some of the requested information on the same day as the meet and confer.

### *Legal Standard*

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[2] Rule 37(a) provides that a party may move to compel discovery so long as that party certifies "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosures or discovery in an effort to obtain it without court action."[3]

### *Discussion*

By all accounts Plaintiff has been accommodating in his attempts to cooperatively engage in the discovery process. Plaintiff timely identified specific requests requiring

---

[1] Ex. 3 (Dkt. 28), at 34–37.

[2] Fed. R. Civ. P. 26(b)(1).

[3] Fed. R. Civ. P. 37(a).

supplemental responses from Defendant and scheduled the meet and confer to narrow and resolve disputes. These actions more than satisfy Plaintiff's Rule 37(a) obligations.

At the meet and confer, the parties were generally able to reach an understanding on the remaining discovery disputes.[4] Many of those disputes were to be resolved through Defendant's upcoming production of documents. The Court takes Defendant at its word that the ESI produced on October 23, 2023, was responsive to those issues, and that it provided some additional responses on day of the meeting. However, some of the agreements memorialized in the email extend to subjects or documents not obviously included in Defendant's later production. To the extent that those remaining requests touch on relevant, non-privileged information, Plaintiff is entitled to a response.

*Conclusion*

The Court previously granted Defendant's unopposed motion to continue this case and extend deadlines (Dkt. 27). That Order set a discovery deadline of November 29, 2023, which is fast approaching. Defendant's participation is required to ensure that deadline is met and that the parties are fully equipped for trial. Accordingly, Plaintiff's Motion (Dkt. 28) is **GRANTED**.[5] Defendant shall provide answers and documents in accordance with the agreements made at the meet and confer on or before November 22, 2023. The parties

---

[4] Ex. 3 (Dkt. 28), at 34–37. In its Response, Defendant does not dispute the accuracy of Plaintiff's email memorializing the agreements made at the meet and confer.

[5] Given Defendant counsel's personal circumstances that explain some of the delay, and the likely small scope of outstanding production, the Court finds that an award of expenses for this motion would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii).

shall work cooperatively to ensure that any remaining disputes are resolved by the close of discovery.

**IT IS SO ORDERED** this 13th day of November 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE