IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN WARE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. CIV-22-737-PRW |
| MERCY HEALTH, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Defendant's Motion to Review Costs Taxed by Court Clerk (Dkt. 75). On January 24, 2024, the Court granted Defendant's Motion for Summary Judgment (Dkt. 61). Thereafter, Defendant submitted its Bill of Costs (Dkt. 66) and brief in support (Dkt. 67), to which Plaintiff responded (Dkt. 73). The Court Clerk held a hearing on March 14, 2024, and afterwards issued her decision (Dkt. 74), taxing costs against Plaintiff in the amount of $2,868.47.

In a supplement to her decision, the Clerk stated Defendant had failed to meet its burden to establish that $1704.84 in claimed costs for electronic discovery management was recoverable under the costs statute, 28 U.S.C. § 1920. Accordingly, the Clerk did not award those costs. Defendant now moves for review of that decision. The Court reviews the Clerk's award decision *de novo*.[1]

---

[1] *See In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009).

1

28 U.S.C. § 1920 enumerates six categories of fees that may be taxed as costs. Section 1920(4) is the category of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]"[2] Defendant argues that the $1704.84 in electronic discovery costs fall within this category. Defendant concedes that the Tenth Circuit has not addressed whether such electronic data copying and management costs are recoverable under § 1920(4), but notes several other circuits and persuasive authorities that it says have awarded such costs.

While there is a presumption in favor of awarding costs to the prevailing party, those proposed costs must fall within one of the § 1920 categories.[3] Prior to 2008, § 1920(4) covered "[f]ees for . . . copies of papers."[4] The section was later amended to the wording reproduced above. While the amended language clearly opens the door to digital technologies, numerous courts, including those cited by Defendant, have found that door to be cracked open rather than flung wide.

Defendant approvingly cites *United States v. Halliburton Co.*[5] for holding "e-discovery costs as collectable under 1920(4)."[6] But the *Halliburton* court denied most of the e-discovery costs requested in the case, sharply limiting recovery to "the digital equivalent of a law-firm associate photocopying documents to be produced to opposing

---

[2] 28 U.S.C. § 1920(4).

[3] *See Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 565–66, 572–73 (2012).

[4] 28 U.S.C. § 1920(4) (2007).

[5] 954 F.3d 307 (D.C. Cir. 2020).

[6] Def.'s Mot. (Dkt. 75), at 4–5.

counsel."[7] The court specifically denied costs related to electronic file hosting and processing.[8] After reviewing the statutory text, the history of the amendment, and the Supreme Court's modest reading of § 1920 in *Taniguchi v. Kan Pacific Saipan, Ltd.*,[9] the *Halliburton* court concluded that there was "no support for [a] capacious interpretation of the statute" that would sweep in broad swathes of electronic discovery fees.[10]

The other cases Defendant relies on conform to this limited view of § 1920(4). In *Colosi v. Jones Lang LaSalle Americas, Inc.*,[11] the Sixth Circuit held that imaging a hard drive fell squarely within the ordinary meaning of "copy."[12] Similarly, the court in *AgJunction LLC v. Agrian Inc.*[13] approved costs for the conversion of electronic files to make forensic copies.[14]

Here, Defendant's request for electronic discovery fees is supported by several months' worth of "managed service cost breakdown" documents generated by Relativity, Defendant's e-discovery vendor.[15] These documents show accrued costs for items including "Gigabytes Processed," "Discovery processing, reporting, production, and

---

[7] *Halliburton*, 954 F.3d at 311.

[8] *Id.* at 312.

[9] 566 U.S. 560 (2012).

[10] *Halliburton*, 954 F.3d at

[11] 781 F.3d 293 (6th Cir. 2015).

[12] *Id.* at 296–97.

[13] No. 14-CV-2069-DDC-KGS, 2016 WL 3031088 (D. Kan. 2016).

[14] *Id.* at *7–9.

[15] Def.'s Mot. (Dkt. 75, Ex. 1).

quality control," "Project coordination, quality control, a[nd] delivery," "Monthly Online Storage," and "Relativity-Monthly User Access."[16] What portion of these costs, if any, was incurred specifically for making digital copies of files to be produced in discovery is not discernible from the breakdown documents, nor from Defendant's bill of costs briefing, nor from the present Motion. Accordingly, Defendant has failed to demonstrate that its requested e-discovery costs of $1704.84 are recoverable under 28 U.S.C. § 1920(4).[17] Upon *de novo* review, the Court finds that the Court Clerk correctly denied recovery of those costs. The Motion (Dkt. 75) is **DENIED**.

    **IT IS SO ORDERED** this 31st day of May 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[16] Def.'s Mot. (Dkt. 75, Ex. 1).

[17] *See Taniguchi*, 566 U.S. at 573 ("Because taxable costs are limited by statute and are modest in scope, we see no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920.").